CLARENCE D. GRUNDEMAN v. HECTOR CONSTRUCTION
COMPANY AND ANOTHER.
GEORGE HAEN v. SAME.
W. HODGMAN & SON AND ANOTHER, RESPONDENTS.[1]

June 21, 1935.

Nos. 30,371, 30,372.

*Sexton, Mordaunt, Kennedy & Carroll,* for relators.

*R. A. Woychick,* for respondents Grundeman and Haen.

*Robb, Rich & Reynolds,* for respondents W. Hodgman & Son and
Employers Mutual Liability Insurance Company.

LORING, JUSTICE.

*Certiorari* to review a decision of the industrial commission.

Defendant W. Hodgman & Son, road-building contractors, had a
contract with the state of Minnesota to construct a portion of the
state trunk highway system near Fairfax, Minnesota. A part of
the funds used for this construction work was furnished by the
federal government and in return therefor the federal government
required that the labor used on the work be selected through the
Federal Reëmployment Service. As part of its reëmployment pro-
gram the federal government also required that contractors register

[1]Reported in 261 N. W. 478.

with the Reëmployment Service all idle trucks and equipment on hand in order that this equipment might be rented to other contractors. The defendant Hector Construction Company had complied with this rule and had listed with the Reëmployment Service about ten of its idle trucks. The Hodgman company had need of some equipment on the trunk highway job, and the Hector company's trucks were assigned to the Hodgman company. For the use of these trucks the Hector company was paid on a basis of yard-mileage with a minimum hourly rental. The Hector company was required to furnish gasolene, oil, and repairs for the trucks, but the drivers, who were selected by the Reëmployment Service, were paid by the Hodgman company. The Hodgman company was responsible for the hiring and discharge of these employes, but it was agreed between the Hodgman company and the Hector company that only competent drivers would be permitted to operate the trucks and that the Hector company's foreman, who superintended the repair and service of the trucks, might refuse to allow incompetent men to drive the trucks.

Petitioners, Haen and Grundeman, applied to the Reëmployment Service for work, and when a requisition for workers came in from the Hodgman company petitioners were given employment cards, sent to the Hector company's camp, where the idle trucks were kept, assigned to trucks, and commenced to haul gravel on the Hodgman trunk highway job.

Grundeman was injured on a Sunday morning when he was servicing one of the trucks; Haen was injured when his truck ran off the road. At the hearing before the referee it was stipulated that the testimony taken in the Haen case with reference to the method and manner of employment of the men and trucks should apply to the Grundeman case. The facts are not in dispute. The question before us here is which company was the employer of the two petitioners. After a finding by the commission (Commissioner Debel dissenting) that the Hector company was the employer of the petitioners, the case comes here. Since it seems to be conceded that both causes of action are based upon similar facts, the cases will be considered together.

Although petitioners were sent to the Hector company's camp after being assigned to work by the Reëmployment Service, it appears from the record that they were placed on the Hodgman company pay roll, and the record of their working time was kept and their wages paid by that company. Hodgman company paid a rental to the Hector company for the use of the trucks. The work of petitioners, except that necessary to effect service to the trucks, was supervised and directed by the Hodgman company, that company having the right to hire and dismiss the employes; and, although it was agreed that the Hodgman company would not hire incompetent men, the Hector company could not discharge an incompetent but was forced to take the matter up with the Hodgman company, which would then effect the dismissal.

The case of Campbell v. Connolly Contracting Co. 179 Minn. 416, 229 N. W. 561, relied upon by respondents, is clearly distinguishable upon the facts. The Connolly company leased the machines with their own operators to Morris & Dougherty. Here the machines were applied for by Hodgman from the federal agency and so were the men. Their duties in servicing the trucks were incidental to the main employment by Hodgman. The Hector company was bound to furnish gasolene, oil, and grease, and the drivers did the greasing and servicing of the trucks, usually on Sunday morning, as a part of their job without extra pay. Minor servicing jobs were done at the gravel pits. The servicing was done under the supervision of the Hector company, but that company did not pay the men or do more than furnish the oil and grease, which naturally it desired to have properly applied so as to prevent injury to the trucks. In our view the evidence conclusively shows an employment solely by W. Hodgman & Son and none by the Hector Construction Company.

The decision of the industrial commission is reversed.